IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**SAMANTHA FERRERO**
71 Lake Drive
Gresham, WI 54128

    Plaintiff,

    v.

**SHAWANO SCHOOL DISTRICT**
218 County Road B
Shawano, WI 54166

    Defendant.

Case No.: 20-cv-794

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Samantha Ferrero, through her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Hayley I. Archer, for her Complaint against the Defendant, Shawano School District, states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Samantha Ferrero, brings this action under the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq.*, Rehabilitation Act of 1973, 29 U.S.C. § 791, *et. seq.* ("Rehabilitation Act") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* ("FMLA"), to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely affected by such practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq*, the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq*.,* and FMLA, 29 U.S.C. § 2601, et seq.

3. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because all acts or omissions giving rise to this claim occurred in this District.

4. This Court has personal jurisdiction over Defendant because Defendant's principal offices are located in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunities Commission ("EEOC") on March 24, 2019, within three hundred (300) days after the unlawful employment practices occurred.

6. On February 26, 2020, the EEOC issued a Dismissal and Notice of Rights. This action is brought within ninety (90) days after Plaintiff's receipt of said Notice. A true and correct copy of the Dismissal and Notice of Rights is attached hereto as **Exhibit A**.

## PARTIES

7. Plaintiff, Samantha Ferrero ("Ms. Ferrero"), is an adult resident of the State of Wisconsin residing at 71 Lake Drive, Gresham, Wisconsin, 54128.

8. Defendant, Shawano School District (the "District"), is a Wisconsin school district organized and operated under Chapter 118 of the Wisconsin Statutes. It is located at 218 County Road B, Shawano, Wisconsin 54166.

9. Shawano is an "employer" within the definitions of the ADAAA, the Rehabilitation Act, and the FMLA.

10. At all material times, the District was Plaintiff's employer.

## FACTUAL ALLEGATIONS

11. Ms. Ferrero began her employment with the District in August 2014 as a Special Education Teacher.

12. Ms. Ferrero was diagnosed with Idiopathic Hypersomnia in 2013. In October 2017, Ms. Ferrero began treating with a sleep specialist at Froedtert Medical Center in Milwaukee.

13. Idiopathic Hypersomnia is a disability within the meaning of the ADAAA and Rehabilitation Act. It is a "serious health condition" within the meaning of the FMLA.

14. Around the same time that Ms. Ferrero began treating with a sleep specialist, she was written-up for being late to work at the District.

15. On October 23, 2017, Ms. Ferrero met with Special Education Director Karen Smith and Human Resources Director Troy Edwards regarding her tardiness.

3

At that meeting, Ms. Ferrero disclosed her disability and advised that she was in the process of adjusting medications, which caused her tardiness.

16. Shortly after this meeting, Ms. Ferrero requested a list of accommodations for her disability, including a flexible schedule with allowance for a twenty (20) minute later start time as needed, written communication, including notes for missed staff meetings, recorded meetings, uninterrupted work time up to thirty (30) minutes per day, and reassignment to the next open General Education position.

17. The District did not engage in the interactive process with Ms. Ferrero.

18. Instead, the District required Ms. Ferrero to take eleven (11) days of FMLA leave beginning on December 8, 2017, insisting that she had to do so to comply with the process for requesting workplace accommodations.

19. On December 8, 2017, Ms. Ferrero provided a statement to the District that she did not request FMLA leave.

20. While Ms. Ferrero was on leave, the District sent a medical questionnaire to Ms. Ferrero's doctor, who confirmed Ms. Ferrero's need for accommodations and returned the paperwork timely.

21. On December 21, 2017, Ms. Ferrero sent an email to the District's administrators to assure them that she wanted to return to work. In that email, Ms. Ferrero said she believed she could return with a temporary accommodation of a later start time in the morning up to three (3) days per week, with the expectation that she and the District would discuss further accommodations at a later date.

4

22. Ms. Ferrero further explained in her December 21, 2017, email that a fifteen (15) minute later start-time three (3) days per week could allow her adequate time to arrive and feel prepared to teach when her students arrived.

23. On January 3, 2018, the District sent a letter to Ms. Ferrero doubting her need for the accommodation of a fifteen (15) minute window for Ms. Ferrero's start-time and suggesting that she "compensate by planning to wake up earlier." Despite this, the District agreed to a one (1) month "trial period" for Ms. Ferrero's requested accommodation.

24. Ms. Ferrero returned to work on January 4, 2018.

25. Upon Ms. Ferrero's return, the District required Ms. Ferrero to "check-in" at the Administration Office every day for a six (6) week period. However, the school building doors opened by key cards. This mechanism allowed the school to track the times when its employees opened a door. Thus, Ms. Ferrero's daily check-ins were unnecessary.

26. Ms. Ferrero felt deeply embarrassed and feared that checking-in at the office upon arrival every morning signaled to her colleagues that she was in trouble with the Administration.

27. At the end of the six (6) week period, the District agreed to allow the fifteen (15) minute window for Ms. Ferrero's start time, on the condition that Ms. Ferrero made up any lost time at the end of the school day.

28. In July 2018, Ms. Ferrero learned that during the 2018-2019 academic year, the school day would begin at 7:45 a.m. for everyone.

29. On July 15, 2018, Ms. Ferrero sent an email to the District's Human Resources department inquiring as to whether her start-time accommodations for the 2018-2019 academic year would continue, but never received a reply.

30. On November 30, 2018, Ms. Ferrero was written-up for tardiness. The email from the Director of Pupil Services noted that Ms. Ferrero had already been tardy on "three separate occasions during the 2017-2018 year." The email also said that Ms. Ferrero's tardiness was "unacceptable and extremely unprofessional for a staff member."

31. On December 14, 2018, the District placed Ms. Ferrero on a Plan of Improvement ("POI").

32. Ms. Ferrero complied with the requirements of the POI.

33. The District did not complete the observations of Ms. Ferrero that were required of it by the POI.

34. The District did not review work that Ms. Ferrero completed as required by the POI.

35. Often, during POI progress meetings with Ms. Ferrero, Administrators criticized her and did not offer support for her progress.

36. On January 1, 2019, Ms. Ferrero contacted Human Resources about the write-up she received in November 2018, but was told that she no longer needed the fifteen (15) minute late-start accommodation because the school day's start time had changed for everyone.

37. According to the Job Accommodation Network, there should have been a meeting to discuss the schedule change and its effect on Ms. Ferrero's accommodation. No such meeting ever occurred.

38. On March 6, 2019, Ms. Ferrero provided the District with an updated request for reasonable accommodations for her disability.

39. On March 11, 2019, the District notified Ms. Ferrero that it did not intend to renew her contract.

40. On March 24, 2019, Ms. Ferrero filed a Complaint with the EEOC. On February 26, 2020, Ms. Ferrero received a Dismissal and Notice of Rights.

41. Ms. Ferrero resigned on April 1, 2019 in lieu of non-renewal.

42. As a result of the District's constant criticism, disproportionate scrutiny, and lack of support, Ms. Ferrero suffered severe anxiety and was unable to complete the academic year, so she took FMLA leave from May 2, 2019 for the remainder of the academic year.

## PLAINTIFF'S FIRST CAUSE OF ACTION: AMERICANS WITH DISABILITIES AMENDMENTS ACT OF 2008 42 U.S.C. § 12101, *et seq.*

43. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

44. Ms. Ferrero's sleep disorder is a disability as defined by § 12102 of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008.

7

45. Defendants failed to provide reasonable accommodations for Ms. Ferrero's disability, in violation of the ADAAA.

46. Defendants did not renew Ms. Ferrero's contract because of her disability, in violation of the ADAAA.

### PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATION OF THE REHABILITATION ACT OF 1973 29 U.S.C. § 791, *et seq.*

47. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

48. Ms. Ferrero's sleep disorder is a disability as defined by the Rehabilitation Act, 29 U.S.C. §705(9).

49. The Rehabilitation Act, 29 U.S.C. § 794, prohibits public systems of higher education who receive federal financial assistance from engaging in employment discrimination against individuals with disabilities.

50. Defendant is a public system of education and receives federal financial assistance.

51. Ms. Ferrero was qualified to perform the essential functions of her job.

52. Defendant failed to provide reasonable accommodations for Ms. Ferrero's disability, in violation of the Rehabilitation Act.

53. Defendant chose to non-renew Ms. Ferrero's contract because of her disability, in violation of the Rehabilitation Act.

## PLAINTIFF'S THIRD CAUSE OF ACTION: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601 *et. seq.*

54. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

55. By engaging in the conduct described above, Defendant willfully interfered with Ms. Ferrero's FMLA rights when it forced her to take FMLA leave, failed to provide her with accurate information as to the use of FMLA leave, and singled her out for disproportionate scrutiny after her initial FMLA leave.

56. By engaging in the conduct described above, Defendant retaliated against Ms. Ferrero for her use of FMLA leave.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Ms. Ferrero as a result of Defendants discriminatory conduct, together with interest thereon;

B. Compensatory damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Ms. Ferrero's costs in this action, including her reasonable attorney's fees, litigation expenses, and costs; and

D. Such other legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 26th day of May, 2020.

> HAWKS QUINDEL, S.C.
> *Attorneys for Plaintiff, Samantha Ferrero*
>
> By: */s/ Nicholas E. Fairweather*
> Nicholas E. Fairweather, State Bar No.: 1036681
> Email: nfairweather@hq-law.com
> Hayley I. Archer, State Bar No.: 1101459
> Email: harcher@hq-law.com
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236